IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

  -v-

$10,777 UNITED STATES CURRENCY,

        Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Mary Clare Kane, Assistant United States Attorney, of counsel, for its verified complaint herein alleges as follows:

## CAUSE OF ACTION

1. This is an action *in rem* pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of the sum of $10,777 in United States currency (hereinafter "the defendant currency"), which was seized from Edward R. Olsen (hereinafter "OLSEN") on or about May 4, 2021.

2. This Court has subject matter jurisdiction of this action pursuant to the provisions of Title 28, United States Code, Sections 1345 and 1355(a), and *in rem* jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) and 1355(d). Venue is properly premised in the Western District of New York pursuant to Title 21, United States Code, Section 881(j) and Title 28, United States Code, Section 1395.

3. On May 4, 2021, law enforcement from the Southern Tier Regional Drug Task Force (hereinafter "STRDTF"), Jamestown Metro Drug Task Force (hereinafter "JMDTF"), along with the United States Drug Enforcement Administration (hereinafter "DEA") Task Force, seized the defendant currency from OLSEN during the execution of a search warrant of his person and at a garage warehouse utilized by OLSEN, located at 122 Hopkins Avenue, Jamestown, New York. The defendant currency was seized on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance, as proceeds traceable to exchanges of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*.

4. The defendant currency was processed and transferred to the custody of the United States Marshals Service, Buffalo, New York.

## **RELEVANT FORFEITURE AUTHORITY**

5. **Title 21, United States Code, Section 881:**

**(a) Subject property**

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\*   \*   \*

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## BASIS FOR FORFEITURE

### Investigation

6. During an investigation conducted by the STRDTF, JMDTF and DEA, it was determined that OLSEN was distributing quantities of methamphetamine from a garage warehouse located at 122 Hopkins Avenue, Jamestown, New York.

7. As part of the investigation, law enforcement met with confidential informants (hereinafter referred to as "CI-5" or "CI-11"). On March 25, 2021, CI-5 and CI-11 conducted a controlled purchase of suspected methamphetamine from OLSEN at 122 Hopkins Avenue, Jamestown, New York. Prior to the transaction, law enforcement searched both CIs and their vehicle; equipped CI-11 with an electronic monitoring device; and gave CI-5 $400 in official agency funds. CI-5 conducted the hand-to-hand transaction with OLSEN at 122 Hopkins Avenue, and subsequently, turned over a clear plastic bag containing approximately 7.5 grams of suspected methamphetamine. CI-5 stated that OLSEN accepted the $400 and handed the CI the suspected methamphetamine that OLSEN obtained from a black duffel bag that was on a desk inside the garage. A TruNarc test was performed by law enforcement on a portion of the substance which resulted in a positive test for the presence of methamphetamine.

8. On April 22, 2021, law enforcement met with CI-5 and CI-11 to conduct a controlled purchase of methamphetamine by CI-5 from OLSEN at 122 Hopkins Avenue, Jamestown, New York. CI-5 conducted the hand-to-hand transaction with OLSEN. CI-5

stated that OLSEN accepted the $400 and handed the CI the suspected methamphetamine that OLSEN obtained from a black duffel bag that was on a desk inside the garage. A TruNarc test was performed by law enforcement on a potion of the substance which resulted in a positive test for the presence of methamphetamine.

9. Based on the investigation, the STRDTF obtained a New York State search warrant for OLSEN's person and for the warehouse garage building located at 122 Hopkins Avenue, Jamestown, New York.

**SEIZURE OF DEFENDANT CURRENCY**

10. On or about May 4, 2021, while attempting to execute the search warrant, law enforcement observed OLSEN driving a maroon-colored Ford Focus in the vicinity of 122 Hopkins Street, Jamestown, New York and conducted a traffic stop. Prior to searching OLSEN's person, pursuant to the authority of the search warrant, officers observed a glass smoking pipe sticking out of OLSEN's right pocket. During the search of OLSEN's pocket, $50 was seized from the inside of his pocket along with the glass smoking pipe that contained residue.

11. During the search of OLSEN's vehicle, the following items were seized from various locations:

    a. <u>Glovebox</u>: a 9mm Ruger handgun (which was later determined to be stolen) loaded with 11 rounds of 9mm ammunition in magazine;

4

      b.    <u>Center console</u>:  2 digital scales, 2 glass pipes, plastic baggies, and 4 pills identified as Oxycontin pills;

      c.    <u>Camouflage backpack in the backseat</u>:  approximately 80.97 grams of suspected methamphetamine in 3 plastic bags and $1,627 United States currency; and

      d.    <u>Green Crown Royal Bag in the backseat</u>:  $9,000 United States currency.

12.    A search of 122 Hopkins Avenue, Jamestown, New York resulted in the seizure of the following items from various locations:

      a.    <u>Black canvass bag in office area</u>:  approximately 200.79 grams of suspected methamphetamine in 7 plastic baggies and 19 Oxycontin pills;

      b.    <u>Garage bay by overhead door</u>:  a Savage .17 HMR rifle;

      c    <u>Desk drawer in office</u>:  $100 United States currency and 11 rounds of rifle ammunition;

      d.    <u>Table in office area</u>: 1 silver digital scale;

      e.    <u>Storage area</u>:  plastic ammunition box of shotgun ammunition;

      f.    <u>Toolbox in garage bay</u>:  10 rounds of rifle ammunition; and

      g.    <u>Desk in office</u>:  15 rounds of 9mm ammunition and quantity of suspected methamphetamine wrapped in $10 bill.

13.    The denominations of the defendant currency were as follows:

| **Denominations** | **Number of Bills** | **Total** |
| --- | --- | --- |
| $100 | 44 | $4,400 |
| $50 | 38 | $1,900 |
| $20 | 212 | $4,240 |
| $10 | 14 | $140 |
| $5 | 17 | $85 |
| $1 | 12 | $12 |

14. The defendant currency was seized as proceeds traceable to an exchange(s) of controlled substances, and as funds used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*.

## **OLSEN'S PREVIOUS CRIMINAL HISTORY RELATED TO CONTROLLED SUBSTANCES**

15. OLSEN has a criminal history record dating back to 2015 which includes the following drug related arrests and felony convictions:

 a. On or about May 14, 2015, OLSEN was arrested by the Chautauqua County Sherriff's Office and charged with Unlawful Manufacture of Methamphetamine in the 3rd Degree, in violation of New York State Penal Law Section 220.73. On or about March 3, 2016, OLSEN pled guilty in Chautauqua County Court as charged. On or about October 17, 2016, he was sentenced to 5 years of probation. On or about April 2, 2018, he was resentenced for probation violation and sentenced to a term of 18 months post release supervision time: 1 year.

 b. On or about November 29, 2017, OLSEN was arrested by the New York State Police and charged with Criminal Possession of a Controlled Substance in the 3rd Degree: Narcotic Drug – Intent to Sell, in violation of New York State Penal Law Section 220.16(01); Criminal Possession of a Controlled Substance in the 3rd Degree: 1/8 ounce Methamphetamine – Intent to Sell, in violation of New York Penal Law Section 220.16(07); and Criminal Possession of a Controlled Substance in

the 7th Degree, in violation of New York State Penal Law 220.03.  On or about January 29, 2018, OLSEN pled guilty in Cattaraugus County Court to Criminal Possession of a Controlled Substance in the 5th Degree:  Intent to Sell, in violation of New York State Penal Law Section 220.06.  On April 2, 2018, he was sentenced to a term of imprisonment of 2 years.

## INITIATION OF CIVIL JUDICIAL ACTION

16.     On or about November 3, 2022, OLSEN filed a claim for the defendant currency with the DEA to halt the administrative forfeiture proceedings against the defendant currency and to be referred for judicial forfeiture proceedings.

## CONCLUSION AND REQUEST FOR RELIEF

17.     Based on all of the foregoing facts, the circumstances surrounding those facts, and the experience and training of the officers and agents involved in the investigation leading to the seizure of the defendant currency, there is reasonable belief that the defendant currency was furnished, or intended to be furnished, in exchange for a controlled substance, was proceeds traceable to such an exchange(s) of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*. and, therefore, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

**WHEREFORE**, the United States of America respectfully requests:

(1) that an arrest warrant *in rem* be issued for the arrest of the defendant currency;

(2) that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3) that a judgment be entered declaring the defendant currency be condemned and forfeited to the United States of America for disposition in accordance with the law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5) that the Court grant such order and further relief as deemed just and proper.

DATED:   Buffalo, New York, February 1 , 2023.

TRINI E. ROSS
United States Attorney

BY:   s/MARY CLARE KANE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York   14202
(716) 843-5809
mary.kane@usdoj.gov

STATE OF NEW YORK    )
COUNTY OF ERIE        )    ss.:
CITY OF BUFFALO       )

TROY BOUCKHUYT, being duly sworn, deposes and says:

I am a Task Force Officer with the Drug Enforcement Administration (DEA), Buffalo New York, and I am familiar with the facts and circumstances surrounding the seizure of the $10,777 in United States currency seized from EDWARD R. OLSEN on or about May 4, 2022. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by officers and agents of the DEA, Southern Tier Regional Drug Task Force, Jamestown Metro Drug Task Force, and provided to officials of the United States Department of Justice.

        s/TROY BOUCKHUYT
        Task Force Officer
        Drug Enforcement Administration

Subscribed and sworn to before me
this 1st   day of February, 2023

s/Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
My Commission Expires June 30, 2026